**IN THE COURT OF APPEALS OF IOWA**

No. 22-1268
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VICTOR EMANUEL HASVOLD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Richard D. Stochl,

Judge.

Defendant appeals his conviction for indecent exposure. **AFFIRMED ON**

**CONDITION AND REMANDED WITH DIRECTIONS.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General,

for appellee.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Victor Hasvold appeals his conviction and sentence for indecent exposure, raising five issues. Hasvold argues the trial court erred in the supplemental jury instructions provided in response to a jury question, there was insufficient evidence to support his conviction, the trial court erred by applying the wrong standard to his weight-of-the-evidence challenge, he did not properly waive his right to be present at his sentencing, and the court failed to state adequate reasons for the sentence imposed. We conditionally affirm Hasvold's conviction and remand with directions.

## I. Background Facts and Prior Proceedings

From the evidence presented at trial, a rational jury could find these facts. In September 2021, two college students, C.G. and M.H., were shopping for home goods and clothing at a local store. They entered the fitting room area to try on clothes and were approached by Hasvold. Hasvold asked if he could get their opinion on the leggings he was wearing, and they obliged.

Hasvold performed yoga moves for them, and he commented that he was concerned the pants might slip down because his buttocks were so big. C.G. suggested he pull up the pants more. As Hasvold was adjusting the fabric of the leggings, he stuck his hand in his pants and started handling his genitals. C.G. and M.H. were alarmed, and they quickly went back to the area of their own fitting room. Hasvold pursued them, telling them he had more clothes he wanted to show them. He badgered them, and fearing that refusal would escalate the situation, C.G. and M.H. complied with Hasvold's requests.

C.G. and M.H. stood just outside the fitting room while Hasvold looked at himself in the mirror. The door to his fitting room remained open. Hasvold pulled

down his leggings, exposed his genitals in the mirror, and turned to face C.G. and M.H. Hasvold stated, "Well, it's not like you haven't seen a penis before," and he kept speaking, making comments about the size of his penis and swaying back and forth. C.G. and M.H. were shocked and frightened. Hasvold then put on a small pair of mesh shorts which left his penis exposed. He continued to speak to C.G. and M.H. about the size of his penis. C.G. and M.H. again retreated and locked themselves in a fitting room. Hasvold repeatedly knocked on their door and the wall of the fitting room and told them he had more clothes to show them. M.H. started to have an anxiety attack. They did not want Hasvold to hear their voices inside the fitting room, so they did not call the police. But C.G. and M.H. texted friends, asking them to contact the store. Eventually an employee came back to the fitting room area, but by that point Hasvold was gone.

Both C.G. and M.H. reviewed the store's security footage and pointed out the man who had been harassing them. This footage was presented to Officer Adam Ytzen, who responded to the store and interviewed C.G. and M.H. Officer Ytzen took a screenshot of the footage and sent it to the assistant police chief who identified the man as Hasvold.

Hasvold was later arrested and charged with indecent exposure in violation of Iowa Code section 709.9(1) (2021). The matter proceeded to a jury trial. During jury deliberations, the jury sent a question to the court, and the court supplemented the jury instructions. The jury returned a guilty verdict on the indecent exposure charge. Hasvold filed a post-trial motion requesting a new trial, arguing the district court erred in its supplemental jury instructions, the evidence was insufficient to support the verdict, and the verdict was contrary to the weight of the evidence.

Hasvold did not attend the hearing on the motion for the new trial; he was in prison on an unrelated parole revocation. His attorney conveyed that Hasvold would waive his right to be present for sentencing should his post-trial motion be denied. The parties agreed if any sentence was to be imposed it should be ninety days in jail with credit for time served and run concurrently with Hasvold's parole revocation sentence. The court denied his post-trial motion.

An unreported sentencing hearing was held and the court sentenced Hasvold to 180 days in jail, to be served concurrently with his sentence imposed in the parole revocation matter.[1] Hasvold filed this timely appeal.

## II. Supplemental Jury Instructions

Hasvold argues that the court erred in its supplemental jury instruction in response to the jury's question on the elements of indecent exposure. Decisions to give supplemental jury instructions are within the discretion of the trial court. *State v. McCall*, 754 N.W.2d 868, 871 (Iowa Ct. App. 2008). And jury instructions themselves should properly explain the applicable law: "[c]hallenges to jury instructions are generally reviewed for correction of errors at law." *Id.* Therefore, we review decisions to grant supplemental instructions for abuse of discretion, and the content of those instructions for errors at law. *See id.* Hasvold does not argue the district court abused its discretion in granting the supplemental instruction; he alleges the content of the supplemental instruction was a misstatement of the law. So we review this challenge for errors at law.

---

[1] The sentencing order reflects that Hasvold was present, but it is uncontested he was not present for the sentencing hearing.

During deliberation, the jury sent two questions about the jury instructions on the elements of indecent exposure, asking about whether the defendant "knew or reasonably should have known that the act would be offensive." The jury asked: "[f]rom a timeline perspective, does this mean he should have known from the outset of the incident or at any time during it?" and "[d]oes it matter if [Hasvold] actually realized they were offended, and ignored it, or if he never figured out they were offended?" The court returned the following answer:

> The offensiveness standard is an element of the crime and requires the State to show the state of mind of both the actor and the victim-viewer. It must be shown that the viewer was offended by the conduct. It must also be shown that the actor knew, or under the circumstances, should have known the viewer would be offended. It does not matter when, during his act, he knew or should have known his actions would be offensive . . . .
>     . . . .
>     Element 4 requires the state to show either he knew or should have known his actions would be offensive.

Hasvold argues the court's answer does not correctly state the law and that it is unclear. He argues that there was a series of acts here, and it is unclear to the jury which act they needed to judge the offensiveness of because the jury instructions and supplemental instructions referred to a "singular act." Hasvold argues this confused the jury and led them to believe "this was all just one act which Hasvold should have known was offensive."

We determine the court's supplemental instructions were a correct statement of law. Iowa Code section 709.9 lays out the elements of indecent exposure:

> A person who exposes the person's genitals or pubic area to another . . . commits a serious misdemeanor if all of the following apply:
> a. The person does so to arouse or satisfy the sexual desires of either party.
> b. The person knows or reasonably should know that the act is offensive to the viewer.

Iowa Code § 709.9(1). Our supreme court has elaborated that two of the elements of indecent exposure are "[t]he viewer was offended by the conduct," and "[t]he actor knows, or should have known, the victim would be offended." *State v. Isaac*, 756 N.W.2d 817, 819 (Iowa 2008). These elements are encapsulated by the supplemental instruction. The court's supplemental instructions accurately describe the law, and they do not lend themselves to confusion.

Even though the court did not list out each of the specific acts to be evaluated, it is clear from context what the jury was to consider. *See State v. Schuler*, 774 N.W.2d 294, 297 (Iowa 2009) ("The validity and sufficiency of jury instructions are not evaluated in isolation, but rather in context with other instructions as a whole."). The original jury instruction at issue, Instruction No. 16 stated, in part, "Hasvold exposed his genitals or pubes to [C.G.] and/or [M.H.]" This segment, taken together with the supplemental instruction, makes it clear that the acts to be evaluated are acts of "exposure." Further, the court should not give specific commentary on the evidence in jury instructions as "instructions should not draw attention to specific evidence." *State v. Kraai*, 969 N.W.2d 487, 495 (Iowa 2022). We find the trial court did not err in the contents of the supplemental jury instructions.

## III. Sufficiency of the Evidence

Hasvold argues that insufficient evidence supports his conviction of indecent exposure. We conclude substantial evidence for a rational trier of fact to find guilt beyond a reasonable doubt exists.

Our review of the sufficiency of the evidence is for errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). In our review, "we are highly deferential

to the jury's verdict," and "[t]he jury's verdict binds this court if the verdict is supported by substantial evidence." *Id.* Substantial evidence would convince a rational trier of fact of guilt beyond a reasonable doubt. *Id.* In making this determination "we view the evidence in the light most favorable to the State." *Id.*

Hasvold argues that insufficient evidence was presented to "identify Hasvold as the person who committed the indecent exposure." We reject this argument.

At trial, both C.G. and M.H. identified Hasvold as the person who exposed himself to them. They also identified him in the security footage. Hasvold emphasizes that the time stamp on the footage was not wholly consistent with what C.G. and M.H. said. But we highlight that "we are highly deferential to the jury's verdict," and "we view the evidence in the light most favorable to the State." *See id.* A rational jury could have relied on the testimony of C.G. and M.H. and determined guilt beyond a reasonable doubt, despite the time stamp discrepancy. *See State v. Donahue*, 957 N.W.2d 1, 10–11 (Iowa 2021) ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."). Substantial evidence was presented for a rational trier of fact to find guilt beyond a reasonable doubt.

## IV. Weight of the Evidence

Hasvold argues that in ruling on his weight-of-the-evidence challenge, the court applied the wrong standard and, consequently, the case must be remanded for application of the proper standard. The State agrees, as do we.

We review claims "that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

Hasvold challenged both the sufficiency of the evidence and the weight of the evidence. The court ruled on both motions, and in doing so applied the same standard to both challenges. Under the weight-of-the-evidence standard, the court must consider "whether more credible evidence supports the verdict rendered than supports the alternative verdict." *Id.* (internal quotations omitted). This is "broader than the sufficiency-of-the-evidence standard in that it permits the court to consider the credibility of witnesses." *Id.*

The court ruled on the weight-of-the-evidence claim after ruling on the sufficiency-of-the-evidence claim. For the weight-of-the-evidence claim, the court stated, "[a]s stated above, there was sufficient evidence presented at trial to support the verdict." We agree with the parties that the court erred by applying the sufficiency-of-the-evidence standard rather than the weight-of-the-evidence standard. *See id.* at 706–07. We remand for application of the proper standard for Hasvold's motion for a new trial.

## V. Waiver of the Defendant's Right to be Present at Sentencing

Hasvold argues that he did not knowingly and voluntarily waive his right to be present at sentencing. The State agrees. We find Hasvold's waiver was insufficient. Defendants have the right to be present at sentencing, and they have the right to allocution, the right to address the court. Iowa Rs. Crim. P. 2.23(3)(d), .27(1); *State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022); *State v. Daniels*, No. 15-1601, 2016 WL 4803782, at *1 (Iowa Ct. App. Sept. 2016). "Our cases state the waiver of the right to be present at sentencing is necessarily a waiver of the right of allocution. But the defendant must actually waive the right to be present at sentencing for this rule

to apply." *Daniels*, 2016 WL 4803782, at *1. "To be valid, a defendant's waiver of the right to be present must be knowing, intentional, and unambiguous." *Id.*

At the hearing on Hasvold's motion for a new trial, the court asked Hasvold's counsel if Hasvold was waiving his presence, counsel replied: "He does, Your Honor. I've spoken with him personally and also communicated through o-mail, which is the prison system's email system, and he advised me he did not wish to be brought back for this hearing." The court followed up with counsel and asked if Hasvold was also waiving his right to be present at sentencing if his motion was denied. His counsel confirmed this. This represents the totality of Hasvold's waiver.

Hasvold and the State agree that this verbal waiver by Hasvold's counsel was insufficient. The State's briefing on this issue provides:

> He correctly notes that no written waiver of presence and allocution appears in the record. He also rightly notes that nothing in the record affirmatively suggests that he was made aware of the rights he was relinquishing. Because the record does not support a finding that the waiver was "knowing, intentional, and unambiguous," he is entitled to be resentenced.

We agree and conclude that Hasvold's waiver was not "knowing, intentional, and unambiguous." If the motion for new trial is denied, we remand for resentencing. Because we find resentencing necessary because of the inadequate waiver, we do not address Hasvold's arguments on his claim about the court's statement of reasons for the sentence.

## VI. Conclusion

Finding no error in the court's supplemental instructions and finding sufficient evidence to support the verdict, we conditionally affirm Hasvold's conviction. But because the court applied an incorrect standard to Hasvold's weight-of-the-evidence

challenge, we remand for consideration of Hasvold's motion for new trial under the proper standard. We also find Hasvold did not sufficiently waive his right to be present for sentencing. As such, in the event the motion for a new trial is denied, we remand for resentencing.

**AFFIRMED ON CONDITION AND REMANDED WITH DIRECTIONS.**